SAMUEL N. RATLIFFE and WIFE *v.* SEABORN COLLINS.

HUSBAND AND WIFE: WHEN PROPERTY PURCHASED BY THE WIFE, ON THE CREDIT OF THE JOINT NOTE OF HUSBAND AND WIFE, NOT LIABLE FOR HUSBAND'S DEBTS.—Property purchased in good faith, by a *feme covert* who owns a separate estate, on the credit of the joint note of herself and husband, and which was actually paid for, without a resort to his means, is not liable to the payment of his debts.

ERROR to the Circuit Court of Yazoo county. Hon. William Cothran, judge.

*Nye* and *Hill*, for plaintiff in error,

Cited *Franklin* v. *Beatty*, 27 Miss. R. 347 ; *Boarman* v. *Groves*, 23 Ib. 280.

*Armistead* and *Burrus*, on same side,

Cited *Garrisson* v. *Fisher*, 26 Miss. R. 352 ; *Wells* v. *Treadwell*, 28 Ib. 717.

*George B. Wilkinson*, for defendant in error.

This case comes before the court, on the refusal of the court below to grant a new trial. No exception was taken to any ruling of the court during the trial, and all the instructions asked for plaintiff and defendant, were given. Those asked for, on behalf of plaintiff below, seem to us to be too clear to admit of argument. The third, which seems to be the objectionable one, was intended

to embrace the principle, that a joint note of the husband and wife, for loaned money, is binding on the husband alone, and is void as to the wife. This is the settled law of this court, and the testimony fully comes up to the instruction. The testimony shows, that all the money which has been paid for the negro in controversy, was paid by the witness Luse, and that he took the joint note of Ratliffe and wife, for its repayment. *Franklin* v. *Beatty*, 27 Miss. R. 347.

Unless there be error in this instruction, the verdict must stand. It was a question of fraud, which went fairly before the jury, and falls precisely within the class of cases, in which this court has repeatedly held it will not interfere. *Peck* v. *Thompson*, 23 Miss. R. 317; *Waul* v. *Kirkman*, 13 S. & M. 599.

The testimony clearly proves, that the boy Brister, was paid for with the money obtained from Mrs. Heard, in payment of the place bought of the bank; and that this "bank place," was paid for with the money borrowed of Luse, for the repayment of which Samuel N. Ratliffe, the defendant in execution, is alone legally liable.

HARRIS, J., delivered the opinion of the court.

It appears, from the record in this case, that Seaborn Collins, having previously obtained a judgment in the Circuit Court of Yazoo county, against Samuel N. Ratliffe, caused execution to be levied on the negro man Brister, in controversy. Nancy Ratliffe, wife of the defendant in execution, interposed her claim under the statute, and gave bond for the trial of the right of property; an issue was found, and verdict and judgment rendered for the plaintiff in execution. This writ of error is prosecuted to reverse that judgment.

1st. Because the court erred, in granting the third instruction asked on the part of the plaintiff in execution.

2d. Because the court erred in refusing a new trial.

The third instruction is in these words:—

"That if the negro levied on, was bought with money for the payment of which defendant in execution was alone legally liable, the law is for the plaintiff in execution."

The evidence shows, that Samuel N. Ratliffe, the defendant in

execution, was wholly insolvent; that the negro man Brister, was purchased by the claimant, Nancy Ratliffe, out of the proceeds of the sale of a tract of land owned and sold by her to Mrs. Heard, and the bill of sale taken in the name of claimant; that the land was purchased ·in her name, and for the benefit of Mrs. Ratliffe and her children, by the aid of her son-in-law, whose testimony is in the record, showing the whole facts; and, both from its candor and clearness, entitled to great respect.

He states his relationship to the claimant, and the insolvency of her husband, the defendant in execution. He then says, that Mrs. Ratliffe had an old negro woman; that his (witness's) wife loaned her mother another negro woman; that in conversation with Samuel Ratliffe, he stated to him that he desired to secure a house for Mrs. Ratliffe and her children, and advised him, after telling him that he was willing to assist them, to purchase a tract of land from the bank. Ratliffe and witness examined the land: a section was bought,—Ratliffe negotiating,—and the title was made to Mrs. Nancy Ratliffe, the claimant. The land was purchased at $1.25 per acre. Witness advanced four hundred and fifty dollars of the money, taking Nancy Ratliffe and Samuel Ratliffe's note therefor; that he looked alone to Nancy Ratliffe, as Samuel Ratliffe was insolvent; that the note has never been paid, and he did not care if it was not paid; that the balance of the purchase-money for the land, was raised by the note of Nancy Ratliffe and the said Samuel, to Purvis, for four hundred dollars. Witness indorsed it, for the purpose of raising the money. Samuel Ratliffe took the note, and got the money. Witness paid a small balance on said note to Purvis; does not know who paid the rest. Two crops were made on another piece of land, by the two negro women and Samuel Ratliffe's boys. The land was sold to Mrs. Heard, at $6 per acre, and the boy Brister purchased of his (witness's) son, Thaddeus Luse, for the sum of $1100.

Under this state of facts, the instruction of the court assumes the law to be, that if the insolvent husband was " alone legally liable," notwithstanding he has never paid one dollar, and notwithstanding the purchase was made for, and the title vested in, his wife, by the aid and upon the responsibility of her son-in-law, who looks to her alone for the only portion of the land debt remaining

unpaid; still, this is such a fraud upon the rights of creditors, as entitles them to subject the negro man Brister, to the payment of Samuel N. Ratliffe's debts. It is a question of *fraud*. If there is no fraud in the transaction, the creditors of Ratliffe have no right to complain.

Neither the money, credit, or labor, of Samuel Ratliffe have been lost to creditors, in the transaction, as the proof clearly shows. We think, therefore, there was error in the instruction of the court below, for which the judgment should be reversed, case remanded, and a new trial awarded; which is, accordingly, hereby ordered.